# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JEFFREY KEITH HARPER,**

    Petitioner,

v.                               **CRIMINAL ACTION NO.: 3:07-CR-49**
                                   **CIVIL ACTION NO.: 3:16-CV-89**
                                   **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER STAYING CASE PENDING SUPREME COURT ACTION

Pending before this Court is the Defendant's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 [Doc. 304].[1] The petitioner, through Assistant Federal Public Defender Nicholas J. Compton, argues that this Court should vacate his sentence of imprisonment and resentence him in light of recent decisions issued by the Supreme Court of the United States[2] and the United States Court of Appeals for the Fourth Circuit.[3]

On January 15, 2008, this Court sentenced the petitioner to a term of 151 months' imprisonment following a plea of guilty to Count Six of the Indictment, charging him with distributing crack. In calculating the petitioner's advisory guideline sentencing range, the petitioner argues this Court found that both of his prior convictions constituted a "crime of violence" under the United States Sentencing Guidelines ("USSG") career offender

---

[1] All references to CM/ECF docket numbers refer to the Criminal Action Number.

[2] ***Johnson v. United States***, 135 S. Ct. 2251 (2015); ***Welch v. United States***, 136 S. Ct. 1257 (2016).

[3] ***In re Hubbard***, No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016).

enhancement. Accordingly, the petitioner was designated as a career offender under USSG § 4B1.1. Pursuant to the career offender designation, the petitioner's base offense level of 16 was increased to a level 32. After a three-level reduction for acceptance of responsibility, the petitioner's total offense level was 29. With a criminal history category of VI, the Guidelines provided a sentencing range of 151 to 188 months. This Court imposed a sentence of 151 months' imprisonment.

The petitioner argues that the predicate convictions that resulted in his designation as a career offender were classified as crimes of violence based on the "residual clause" of the career offender enhancement. The petitioner contends that the residual clause has since been found to be unconstitutionally vague, and he asks this Court to vacate his sentence and to resentence him without the career offender enhancement.

Subsequent to the petitioner's sentencing, the Supreme Court issued its decision in ***Johnson v. United States***, 135 S. Ct. 2551 (2015), holding that the "residual clause" of the Armed Career Criminal Act is unconstitutionally vague.[4] Subsequently, in ***Welch v. United States***, 136 S. Ct. 1257 (2016), the Supreme Court held that ***Johnson*** announced a substantive rule that applies retroactively on collateral review. And recently, in ***In re Hubbard***, No. 15-276, 2016 WL 3181417 (4th Cir. June 8, 2016), the United States Court of Appeals for the Fourth Circuit discussed the applicability of the ***Johnson*** holding to the career offender provision.[5] Here, the petitioner asserts that the holdings in ***Johnson***,

---

[4] The residual clause of 18 U.S.C. § 924(e)(2)(B)(ii) defines a "violent felony" as including any crime punishable by imprisonment for a term exceeding one year that "involves conduct that presents a serious potential risk of physical injury to another."

[5] United States Sentencing Guidelines § 4B1.2(a)(2), which defines the term "crime of violence" as that term is used in the career offender provision, includes a residual clause

2

*Welch* and *In re Hubbard* have rendered his sentence of imprisonment unlawful, necessitating a prompt resentencing.

The Fourth Circuit, however, left open the question of whether, under *Johnson*, the definition of "crime of violence" in the Sentencing Guidelines is unconstitutionally vague. *See Hubbard*, 2016 WL 3181417, at *4. This issue is currently pending in the Supreme Court. *See Beckles v. United States*, 616 Fed.Appx. 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (June 27, 2016) (No. 15-8544). At issue in *Beckles* is whether *Johnson*'s holding applies to the residual clause of the career offender guideline, USSG § 4B1.2(a)(2), and, if so, whether *Johnson*'s invalidation of the residual clause of the career offender guideline applies retroactively on collateral review.

Upon review of the aforementioned decisions and the pertinent portions of the record in this case, it appears that petitioner's requested relief is dependent upon further action by the Supreme Court, namely a decision in *Beckles*.[6] Accordingly, for the reasons stated herein, this Court **ORDERS** that this matter be **STAYED** pending the Supreme Court's decision in *Beckles v. United States*, 616 Fed.Appx. 415 (11th Cir. 2015), *cert. granted*, 136 S. Ct. 2510 (June 27, 2016) (No. 15-8544).

---

virtually identical to the clause that the Supreme Court deemed unconstitutionally vague in *Johnson*.

[6] *Blow v. United States*, No. 16-1530, 2016 WL 3769712, at *2 (2d Cir. July 14, 2016)(concluding that petitioner made a *prima facie* showing that his claim satisfies § 2255, but ordering the district court to hold the petition "in abeyance pending the outcome of *Beckles*."); *In re Thomas F. Hoffner, Jr.*, No 15-2883, at 2 (3rd Cir. 2016)(granting Government's motion to stay pending decision in *Beckles*); *Fernandez v. United States*, No. 4:08-cr-98-Y(21) (N.D. Tx. July 15, 2016)(same); *United States v. Khatib*, No. 12-cr-193, 2016 WL 3755946, at *2 (N.D. Ca. July 14, 2016)(same); *Bozeman v. United States*, No. 3:16-cv-1817-N-BN (N.D. Tx. July 11, 2016)(same).

3

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED:** September 30, 2016.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE